# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLOS and JULIE MORAL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GRANT COUNTY SHERIFF, ) <br> LANCE BABCOCK, Individually, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 09-1230-EFM-DWB |

## **MEMORANDUM AND ORDER**

Before the Court is the Motion to Stay Discovery (Doc. 28) filed by Defendant Sheriff Lance Babock (hereinafter "Sheriff Babcock"). Plaintiffs, who are representing themselves *pro se*, have responded in opposition (Doc. 36) and Sheriff Babcock has replied (Doc. 47). After a careful review of the submissions of the parties, the Court is prepared to rule.

# BACKGROUND

Plaintiff filed the present action on July 27, 2009. (Doc. 1.)[1] In the Civil Complaint form provided by the Court, Plaintiff indicated he was bringing claims for alleged violations of his civil rights, pursuant to 28 U.S.C. § 1343, as a result of his business being shut down, presumably at the direction of Sheriff Babcock. (*Id*., at 4.)

On September 15, 2009, Defendants Grant County Sheriff and Lance Babcock, individually, filed their Answer, generally denying Plaintiff's allegations and raising the defense of qualified immunity, among other affirmative defenses. (Doc. 25.) In conjunction with filing the Answer, Defendant Sheriff Lance Babcock also filed a Motion for Judgment on the pleadings. (Doc. 26.) All remaining Defendants have previously filed Motions to Dismiss in lieu of filing Answers.[2] Sheriff Babcock brings the present motion requesting "an Order staying

---

[1] In the caption of the Complaint, both Carlos and Julie Moral were identified as plaintiffs. However, in the body of the Complaint, only Carlos Moral was listed as a party plaintiff. (Doc. 1, at ¶ I(A).) In a subsequent Motion to Amend Complaint, Carlos Moral identified himself as the sole plaintiff in the case. (Doc. 32, at 1.)

[2] A Motion to Dismiss was filed by Defendants Thomas Pinnick, Resource One, Inc., and Grant County Bank (Doc. 16), and a Motion to Dismiss was filed by Defendants Richard and Norma Dudley (Doc. 21). Therefore, including the Motion for Judgment on the Pleadings filed by the Grant County Sheriff and Sheriff Babcock (Doc. 26), all Defendants currently have dispositive motions pending before the District Court. Plaintiffs' Motion to Amend Complaint (Doc. 32) is also pending and will be addressed by the District Court in conjunction with the various dispositive motions.

all discovery until this Court resolves the threshold issue of qualified immunity."
(Doc. 29, at 1-2.)

## DISCUSSION

Judge Reid previously discussed the policy in this District for staying discovery in **Wolf v. United States**, acknowledging that the general policy is not to stay discovery even though dispositive motions are pending. 157 F.R.D. 494, 495 (D. Kan. 1994). Judge Reid also recognized, however, that there are exceptions to this general rule, holding:

> it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Id. See also,* **Kutilek v. Gannon,** 132 F.R.D. 296, 297-98 (D. Kan. 1990); **Howse v. Atkinson**, No. 04-2341-GTV-DJW, 2005 WL 994572, at *1 (D.Kan. April 27, 2005). In other words, "[a]lthough a stay of discovery is generally disfavored in this district, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c)." **Smith-Bey v. Reid**, No. 08-cv-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec. 11, 2008) (citing **String Cheese Incident, LLC v. Stylus Shows, Inc.**, No. 02-cv-01934-LTB-PAC,

2006 WL 894955, at *2 (D. Colo. Mar.30, 2006)). The Court will, therefore, review each of these exceptions to see if any are applicable in the present case.

As an initial matter, the Court has reviewed the briefs in support of the pending dispositive motions (Docs. 16, 21, 26.) While not expressing an opinion as to how the District Court might rule on these motions, it does appear that if the District Court were to grant the dispositive motions, such a ruling would completely conclude this case.

Further, Plaintiff has made no substantive showing that any potential discovery is directly relevant and necessary in order to respond to the dispositive motions. Plaintiff does assert that he "must be able to at least limited discovery [sic] in order to determine whether or not the qualified immunity doctrine can be challenged." (Doc. 36, at 4.) This, however, is nothing more than an conclusory allegation rather than a specific discussion of what discovery is requested and how it would allow Plaintiff to challenge the affirmative defense. From a review of the relevant filings, the Court does not believe that there are any factual issues presented by those motions that would necessitate any discovery by Plaintiffs that could potentially assist the District Court in ruling on the dispositive motions.

In addition, Plaintiffs' desire to conduct discovery on the issue of qualified immunity at this stage of the proceedings misconstrues the Court's function in

deciding motions under Rule 12(b)(6) and Rule 12(c). In ruling on such motions, the Court "is not to weigh potential evidence that the parties might present at trial, but [rather it is] to assess whether the plaintiff's <u>complaint</u> <u>alone</u> is legally sufficient to state a claim for which relief may be granted." **Tal v. Hogan**, 453 F.3d 1244, 1252 (10th Cir.2006) (emphasis added) (citation omitted). Therefore, when deciding on a Rule 12(b)(6) motion, a court "can only consider the facts alleged in the complaint." **Dobson v. Anderson**, 319 Fed. Appx. 698, at *701 (10th Cir. 2008) (citing **County of Santa Fe v. Pub. Serv. Co. of N.M.**, 311 F.3d 1031, 1035 (10th Cir.2002)).

Finally, the Court must consider the special considerations afforded to cases in which the qualified immunity affirmative defense is raised. The Supreme Court has long recognized that "public officers require [qualified immunity] protection to shield them from undue interference with their duties and from potentially disabling threats of liability." **Harlow v. Fitzgerald**, 457 U.S. 800, 806, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Such immunity is required to protect public officials and the public generally from the expenses of litigation, the diversion of official energy from public issues, the deterrence of qualified citizens from acceptance of public office, and the social cost that fear of being sued will have a

chilling effect on officials from exercising their official duties with ardor. *Id.* at 814.

Recognizing that the high costs of litigation may cause these harms to occur, even where a favorable verdict for the public official is rendered, the Supreme Court, in **Harlow**, stated that, until the threshold question of immunity is resolved, discovery should not be allowed. *Id.* at 818; *see also* **Dahl v. City of Overland Park**, No. 02-2036-JAR, 2002 WL 1634805, at *1 (D. Kan. July 8, 2002) ("Generally speaking, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.").

> The Supreme Court has emphasized the broad protection absolute and qualified immunity afford, giving officials 'a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'' **Behrens v. Pelletier**, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (quoting **Mitchell v. Forsyth**, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)); *see also* **Crawford-El v. Britton**, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). As such, courts should resolve the purely legal question raised by an immunity defense at the earliest possible stage in litigation. **Albright v. Rodriguez**, 51 F.3d 1531, 1534 (10th Cir.1995); **Medina v. Cram**, 252 F.3d 1124, 1127-28 (10th Cir.2001).

\* \* \* \*

> There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but this interest is offset by Defendants' burden. Here, Defendants have filed a Motion to Dismiss the claims against them, in part, on the grounds of qualified immunity. Courts have routinely held that discovery should be stayed while issues of immunity are being resolved. *See generally* ***Siegert v. Gilley***, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); ***Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); ***Weise v. Caspar***, 507 F.3d 1260, 1263-64 (10th Cir.2007); ***Workman v. Jordan***, 958 F.2d 332, 336 (10th Cir.1992); *see also* ***Behrens v. Pelletier***, 516 U.S. 299, 308 & 310, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff of a stay is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the Motion to Dismiss is pending.

*Smith-Bey v. Reid*, No. 08-cv-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec.11, 2008).

Based on the foregoing, the Court finds that Defendants should not be subjected to the burden and expense of discovery until the District Court has resolved the pending motions to dismiss and motion for judgment on the pleadings. Because those motions are to be decided by the allegations in the Complaint itself, Plaintiff has failed to show that discovery on the qualified immunity issue is either

7

allowed or relevant to the pending motions.[3]  Defendant's Motion to Stay Discovery (Doc. 28) is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that the Motion to Stay Discovery filed by Defendant Sheriff Babcock (Doc. 28) is **GRANTED** and discovery is **STAYED** until such time as the District Court rules on the three pending motions filed by Defendants (Docs. 16, 21, 26).

Dated at Wichita, Kansas, on this 17th day of March, 2010.

    s/ DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge

---

[3] If the motions to dismiss and motion for judgment on the pleadings are denied, the court can allow limited discovery on the qualified immunity claim if Plaintiff can show how that limited discovery directly relates to the issue of qualified immunity.  Any such discovery, however, must be narrowly tailored to the issues necessary to resolve the qualified immunity claim.  See ***Anderson v. Creighton***, 483 U.S. 635, 646 n.6, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987);  ***Crawford-El v. Britton***, 523 U.S. 574, 593 n.14, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998);  ***Lewis v. City of Fort Collins,*** 903 F.2d 752, 754, 758 (10th Cir. 1990).