# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLOS MORAL,<br><br>*Plaintiff*,<br><br>vs.<br><br>GRANT COUNTY SHERIFF,<br>LANCE BABCOCK, Individually,<br>THOMAS PINNICK, Individually,<br>RESOURCE ONE, INC.,<br>GRANT COUNTY BANK,<br>RICHARD DUDLEY, Individually, and<br>NORMA DUDLEY, Individually,<br><br>*Defendants.* | Case No. 09-1230-EFM |

## MEMORANDUM AND ORDER

Plaintiff Carlos Moral, proceeding *pro se*, moves the Court for an Order to prevent Defendants from removing or destroying any of his property, documents, or electronic records that either are or were located at 105 N. Main, Ulysses, Grant County, Kansas. According to his Complaint, Plaintiff rented from Defendants Richard and Norma Dudley office space in a building at that location where he ran a business. Plaintiff claims that, without due process and in contravention of his ownership rights in his property, Defendants shut down his business and has precluded him from entering and removing his property, causing him damage. Through this action, Plaintiff's requested relief includes return of his property and other damages, including punitive damages.

In his motion, Plaintiff has failed to provide the Court with any authority for issuing such an order directing his requested relief. It appears that Plaintiff's request relates not to evidence tied to the claims in this case, but to personal property currently in possession of certain Defendants. In addition, Plaintiff's assertion that certain property has been "potentially removed, destroyed, or otherwise compromised" is less than certain, and he has provided no evidence to demonstrate to the Court that such has actually taken place. While he does claim that Defendants have removed checks from the premises, he has not indicated that any such checks have been destroyed but that they only have not been returned to his possession.

Defendants respond simply by asserting that they have not removed, destroyed, or otherwise compromised any of Plaintiff's property left in the subject property, and represent that they have no intent to do so until this matter is resolved. Defendants do not deny entering the property, but claim that they do so to maintain the property and account for property within the subject property as provided by Kansas law. Accordingly, Defendant contends that any order from the Court is unnecessary.[1]

Because Plaintiff has failed to identify any property as evidence relevant to this case that either has been or is being destroyed, and because Plaintiff has failed to identify any authority for issuing the requested order, we deny his motion. Should Plaintiff discover information that would justify the Court issuing an order to preserve evidence, or should Plaintiff decide he has grounds to seek injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, he may specifically move the Court, following the respective rules for said motion, for such an order.

---

[1] While not affecting the Court's decision, Defendants' curiously reference the subject property as a residential dwelling unit and cites to the Kansas Residential Landlord and Tenant Act. The photographs Plaintiff provided with his motion depicts the subject property as commercial, with the interior resembling office space, not a residential unit.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preservation Order (Doc. 53) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE