# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CARLOS MORAL,

*Plaintiff*,

vs.

Case No. 09-1230-EFM

GRANT COUNTY SHERIFF,
LANCE BABCOCK, Individually and in his official capacity,
THOMAS PINNICK, Individually,
RESOURCE ONE, INC.,
GRANT COUNTY BANK,
RICHARD DUDLEY, Individually, and
NORMA DUDLEY, Individually,

*Defendants*.

## MEMORANDUM AND ORDER

Plaintiff Carlos Moral, proceeding *pro se*, moves the Court to reconsider its March 23, 2010 Order denying his Motion for a Preservation Order (Doc. 59). In his Motion for Preservation, Plaintiff requested that the Court issue an Order to prevent Defendants from removing or destroying any of his property, documents, or electronic records that either are or were located at 105 N. Main, Ulysses, Grant County, Kansas ("Premises"). The Court denied his motion because he "failed to identify any property as evidence relevant to this case that either has been or is being destroyed"[1] and because he failed to identify any authority for the Court to issue such an order. The Court, however,

---

[1] Doc. 58, p.2.

-1-

informed Plaintiff that should he discover information that would justify the Court in issuing an order to preserve evidence, or if there were grounds to seek injunctive relief following the Federal Rules of Civil Procedure, he may move the Court, following the respective rules for such a motion. On this direction, Plaintiff now moves for reconsideration, claiming that he has acquired new evidence to warrant issuance of a preservation order.

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration, the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. Local Rule 7.3(b) permits a party to "file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge."[2] This Rule provides that reconsideration will be granted based on: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[3] The decision whether to grant a motion to reconsider is committed to the Court's sound discretion.[4] A party seeking reconsideration must file the motion within 14 days after the order is filed unless the Court extends that time.

The Court issued its Order on Plaintiff's Motion for Preservation on March 23, 2010. Any motion to reconsider was due no later than April 6, 2010. Plaintiff, however, did not file his motion to reconsider until April 12, 2010. In his motion, Plaintiff acknowledges the 14-day requirement of Local Rule 7.3, but asserts that such an order should be based on the availability of new evidence,

---

[2] D. Kan. Rule 7.3.

[3] *Id.* The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[4] *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988); *In Re Cessna 208 Series Aircraft Prods. Liab.*, 2007 WL 2172764, at *2 (D. Kan. July 25, 2007).

implying the time restriction in the Rule for filing is inappropriate. Regardless of whether Plaintiff agrees with this Court's procedural rules, he is required to comply with their instruction the same as any other litigant appearing before this Court.[5] Thus, because Plaintiff filed his Motion to Reconsider 20 days after the Court issued its Order, his motion is untimely. While the Court would be justified in denying Plaintiff's motion on that procedural basis, we will instead, in this instance, exercise our discretion and consider Plaintiff's motion as a Second Motion for Preservation Order. Accordingly, the Court will address Plaintiff's motion on the merits.

Plaintiff asserts that he has acquired new evidence that supports his contention that Defendants are removing and destroying his personal items from the Premises. In contrast to his first motion in which the crux of that motion was to obtain an order to prevent Defendants from removing or destroying his personal property, Plaintiff now claims that this personal property is evidence that will demonstrate the relationship between Defendant Sheriff Lance Babcock, acting in his official capacity, and private citizens with whom he worked to deprive Plaintiff of his civil rights. Plaintiff describes this evidence as memorialized conversations that are in the form of memos, emails, and other correspondence that is, or was at one time, located within the Premises. Plaintiff further asserts, as he did in his first motion, that Defendants either destroyed, removed, or discarded other personal property, and asks the Court to order an accounting of these items.[6]

---

[5]*See Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

[6]Plaintiff describes his personal property, in part, as business records and files, tax and investment information, computers, office furniture, employee files, healthcare information, attorney-client privilege materials, vehicle files, and office equipment. See Doc. 59-7 (Contents of the Premises).

After reviewing Plaintiff's briefing, the Court is unpersuaded that any evidence relevant to his federal claim has been or is currently being destroyed or at risk of being destroyed. In his motion, Plaintiff makes a number of extremely broad, generalized, vague, and conclusory statements that are based wholly on speculation and unsupported inferences. He has made no showing that Defendants have destroyed any evidence, and he has provided no new information to cause the Court concern that Defendants intend to do so. While Defendants admit that they have entered the Premises in order to maintain it, they have represented to this Court that they have not removed, destroyed, or otherwise compromised property that was in the Premises, and have also represented to this Court that they have no intention of doing so while this lawsuit is pending. Plaintiff has provided no information or other evidence to indicate the contrary.[7] Because Plaintiff has provided no information in this motion different from that presented in his first motion for a preservation order to convince the Court to deviate from its March 23, 2010 decision, we deny his motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Preservation Order (Doc. 59) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7]Plaintiff suggests that the pictures he attaches as exhibits to his motion clearly demonstrate that items are being removed from the Premises and destroyed. We disagree. These pictures show numerous items inside the Premises, including office furniture and stacked boxes. To claim that documents or other items have been removed or destroyed based on these photographs is pure speculation and unsupportive of Plaintiff's position for purposes of this motion.