# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CARLOS and JULIE MORAL,

    *Plaintiffs*,

vs.

Case No. 09-1230-EFM

GRANT COUNTY SHERIFF, LANCE BABCOCK, Individually, THOMAS PINNICK, Individually, RESOURCE ONE, INC., GRANT COUNTY BANK, RICHARD DUDLEY, Individually, and NORMA DUDLEY

    *Defendants.*

## MEMORANDUM AND ORDER

This case arises out of an alleged violation of Carlos and Julie Moral's constitutional rights. Before the Court are Defendants Pinnick's, Grant County Bank's, and Resource One Inc.'s Motion to Dismiss (Doc. 16); Defendants Richard and Norma Dudley's Motion to Dismiss (Doc. 21); Defendant Grant Count Sheriff Lance Babcock's Motion for Judgment on the Pleadings (Doc. 26); and Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 32). The motions have been fully briefed. For the following reasons, the Court grants Defendants' motions and denies Plaintiffs' motion.

## I. Factual and Procedural Background

*Pro Se* Plaintiffs Carlos and Julie Moral filed this action against the Grant County Sheriff, Lance Babcock (individually), Thomas Pinnick (individually), Resource One, Inc., Grant County Bank, Richard Dudley, and Norma Dudley. Plaintiffs used a civil complaint form and asserted

jurisdiction pursuant to 28 U.S.C. §1343. Plaintiffs and all named Defendants are citizens of Kansas.

The following facts are taken from Plaintiffs' initial complaint. For the purposes of this motion, the Court assumes the truth of these facts. Plaintiffs asserted in their initial complaint that between the dates of July 21, 2008 through June 1, 2009, Lance Babcock, acting in his official capacity, told the landlords (Richard and Norma Dudley) that a building rented by the plaintiff could be shut down and they were within their rights to provide no notice and effectively shut down the business(es) located at the building without any due process.

Plaintiffs allege that on or about October 31, 2008, Babcock, again acting in his official capacity told the landlords (Richard and Norma Dudley) that they could continue to criminally deprive the plaintiff of the property. Babcock told the Dudleys that they were to "keep the building locked up and not give the plaintiffs the equipment back and access to the building just in case he needed to go into the building at a later time in the future."

On or about May 15, 2009, Plaintiff contends that they asked for a meeting with Sheriff Babcock. Plaintiff made Babcock specifically aware of the "gross violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution." Babcock ignored such notice and continued to be the vehicle and agent for the criminal deprivation of property. Plaintiff presented applicable statutes to Babcock but was again ignored.

Between the dates of July 21, 2008 through June 1, 2009, Plaintiffs state that Resource One, Inc., Grant County Bank, and Grant County Bank's President, Thomas Pinnick, provided direct guidance and direction to the Dudleys to purposely and punitively violate the due process rights of the Plaintiffs. This was done by instructing the Dudleys to shut the building off and lock it down without any notice. Defendant Pinnick is an attorney in Kansas and instructed the Dudleys to violate

the various due process provisions and rights of Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution. The Dudleys, being lay persons, deprived Plaintiffs from their property as direct result of the direction provided to them by Grant County Bank, Resource One, Inc. and Pinnick.

Plaintiffs state that the Dudleys, as landlord for the building located at 105 N. Main, Ulysses, Kansas, changed the locks and effectively shut down a viable business with no notice or due process whatsoever. This was done on July 21, 2008. Plaintiffs contend that the Dudleys relied on the input from the Grant County Sheriff, Grant County Bank, Resource One, Inc. and Pinnick to execute this violation of the Fourteenth Amendment. On July 27, 2009, Plaintiffs filed their Complaint and sought money damages in excess of $750,000 and punitive damages.

On August 18, 2009, Defendants Pinnick, Grant County Bank, and Resource One, Inc. filed a motion to dismiss asserting that Plaintiffs failed to state a claim because there are no allegations that these Defendants are state actors or acted under color of state law. On September 2, 2009, the Dudleys filed a motion to dismiss arguing that the Court lacked subject matter jurisdiction and that Plaintiffs failed to state a claim because Plaintiffs' complaint did not allege that the Dudleys were state actors and there were no allegations that could impute state action on the Dudleys. The Dudleys stated that there were no allegations of conspiracy or joint action between them and an individual acting under the color of law. On September 15, 2009, Defendant Sheriff filed both an Answer and a Motion for Judgment on the Pleadings contending that Plaintiffs failed to state a claim because Sheriff Babcock did not personally participate in the alleged deprivation, and even if Sheriff Babcock participated in the deprivation, his conduct was not actionable because post-deprivation process was available to Plaintiffs.

After Defendants filed their motions seeking dismissal, Plaintiffs filed a Motion for Leave to File an Amended Complaint. They attached a copy of their proposed Amended Complaint which included their original allegations and the following additional allegations. For the purposes of this motion, the Court will again construe the following facts as true.

Plaintiffs state that the named Defendants conspired and acted in a joint manner to violate the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States of America (28 U.S.C. 1343). On July 30, 2008, Norma Dudley told Plaintiff that she and Babcock, acting in his official capacity, acted jointly in the deprivation. In response to Plaintiff's request to get back into the building and retrieve property, Norma Dudley stated to Plaintiff "yes we can - the sheriff told me we could . . . go talk to him."

On August 6, 2008, Plaintiffs assert that Norma Dudley conspired with Sheriff Babcock to further deprive Plaintiff's civil rights. In response to an additional request from Plaintiff to get back in the building, Norma Dudley stated: "I told you when the sheriff tells me to let you back in I will. You have my god**** money?" Dudley and Babcock acting in "joint action" both used Babcock's official capacity to violate Plaintiff's civil rights. Also on August 6, 2008, Thomas Pinnick, while working from Grant County Bank, conspired with Dudley and Sheriff Babcock to have the Dudleys maintain and continue to lock up building and items located in the building. Plaintiffs state that this action on the part of all three parties (Pinnick, Babcock, Dudley) constitutes a conspiracy to use Babcock's official capacity to violate Plaintiff's civil rights.

Plaintiffs state that on November 1, 2008, Dudley once again informed Plaintiffs that "I am sick of talking about this. I told you Lance told us to not let you. . . . . he might need to go in himself sometime in the future . . . ." This position taken by Dudley was in joint action with the Grant

County Sheriff and violated Plaintiff's civil rights.

On May 14, 2009, Plaintiffs assert that the Dudleys, Grant County Sheriff, and other unknown persons entered into the building located at 105 N. Main. Upon entering the building, the Dudleys began to remove items from the office and destroy documents that were located within the office. The destruction of documents was being performed while Sheriff Babcock, in his official capacity, was physically in the building. The destruction of documents along with the Sheriff's joint action along with the Dudleys and other unnamed co-conspirators constitutes a violation of the Plaintiff's civil rights of illegal search and seizure.

Also on May 14, 2009, Plaintiff states that he called Sheriff Babcock and requested that the Sheriff intervene and stop the potential destruction of evidence because the Sheriff knew of a ongoing criminal investigation. During the phone call, the Sheriff declined to intervene and told Plaintiff that the Dudleys could go ahead and "do what they wanted with the building." Because the Sheriff was involved in a criminal investigation of the Plaintiff, the Sheriff conspired and acted jointly with the private citizens (the Dudleys) to obstruct justice and violate Plaintiff's civil rights. Sheriff Babcock again would not allow the Plaintiff to avail himself of any post deprivation remedies but encouraged the flagrant violations of Plaintiff's civil rights.

On May 15, 2009, Plaintiff contends that he requested a meeting with the Sheriff which was held at the Sheriff's office. In the meeting, Plaintiff Carlos again attempted to avail himself of any post deprivation remedies available to him. Plaintiff again placed the Sheriff on notice of the actions that he in conjunction with private citizens were engaged in were a gross violation of clearly established law. Sheriff once again told Plaintiff that he did not care and that "Defendant Dudley had the right to do anything they wanted with the items in the building." On May 15, 2009, the

Sheriff was also made aware of the fact that files and other documents being exposed included those regulated by HIPPA and other Federal statutes. The Sheriff responded by stating that he was aware of the privacy issues but would not intervene. Also on May 15, Norma Dudley, with the knowledge and understanding of the Sheriff, removed at least three checks that were on the Plaintiff's desk at the time the building was locked on or about July 21, 2008. Dudley then took the checks that she removed from the office and attempted to place them in the United State Mail. In Sheriff Babcock's refusal to intervene, Dudley removed these items from the office thus violating the civil rights of the Plaintiff as well as attempted to cause criminal action to occur and falsely accuse the Plaintiff.

Plaintiff asserts that on or about July 16, 2009, the State of Kansas, working with Sheriff Babcock brought criminal charges against Plaintiff. The scope of the investigation that lead to the criminal charges encompassed all the dates from the date of the alleged lock out to the present. Sheriff Babcock, Pinnick, Grant County Bank, Resource One, Inc., Richard and Norma Dudley all knew of the investigation and jointly and clearly had a symbiotic relationship that lead to the destruction of evidence and obstructed justice thus purposefully violating the Plaintiff's civil rights and causing severe monetary damages.

From the period of July 21, 2009 through June 1, 2009, Plaintiffs placed numerous phone calls and made personal visits to the Dudleys. Each and every time Plaintiff tried to avail themselves of any post deprivation remedy, Plaintiffs state that the Dudleys stated that they had affirmed their actions with Sheriff Babcock and Thomas Pinnick (who was working with Sheriff).

All Defendants oppose Plaintiffs' Motion for Leave to File an Amended Complaint asserting that it is brought in bad faith and that it is futile because Plaintiffs' additional allegations do not state a claim for relief.

## II. Legal Standards as to Defendants' Motions

### A. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[1] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[3]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[4] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[5] Allegations that merely state legal conclusions, however, need not be accepted as true.[6]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[7] "[The] court, however, will not

---

[1] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[4] *Iqbal*, 129 S.Ct. at 1950.

[5] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[8] "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[9] "Plaintiff bears the burden of alleging 'enough facts to state a claim to relief that is *plausible* on its face.'"[10]

### B. Judgment on the Pleadings

Responsive pleadings have already been filed by Defendant Sheriff, and his motion is brought pursuant to Fed. R. Civ. P. 12(c) rather than Fed. R. Civ. P. 12(b)(6). This is a distinction without a difference as the standard is the same under Rule 12(c) and Rule (12)(b)(6).[11] To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[12] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[13] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely

---

[8]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

[9]*Hall*, 935 F.2d at 1110.

[10]*Bafford v. Pokorski*, 2008 WL 2783132, at *1 (D. Kan. 2008)(citing *Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1974)).

[11]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[12]*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[13]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

speculatively, has a claim for relief.[14]

**C. Analysis**

Plaintiffs generally allege in their initial complaint that Defendants violated Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution and that Plaintiffs were denied due process. In their proposed amended complaint, Plaintiffs add additional allegations that Defendants conspired with each other and acted in a joint manner to violate Plaintiffs' Fourteenth Amendment rights. They also state that the destruction of documents constitutes a violation of the plaintiff's civil rights of illegal search and seizure.

Although Plaintiffs do not specifically state what claim they are bringing, the Court will construe their allegations as a claim under 42 U.S.C. § 1983.[15] To state a claim under 42 U.S.C. § 1983, plaintiffs "must allege that they were deprived of a right 'secured by the Constitution and laws' of the United States, and that this deprivation was committed under color of state law."[16] "[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it."[17]

---

[14]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[15]The Fourteenth Amendment does not allow a private cause of action but instead claims must be brought pursuant to 42 U.S.C. § 1983. *Robinson v. Bd. of Regents of Univ. of Colorado*, 390 F. Supp. 2d 1011, 1017 (D. Colo. 2005) (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)). "Section 1983 provides a private cause of action for violations of federal statutes, as well as for constitutional violations." *Rural Water Dist. No. 1 v. City of Wilson*, 243 F.3d 1263, 1274 (10th Cir. 2001) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)).

[16]*Yanaki v. Iomed, Inc.,* 415 F.3d 1204, 1207 (10th Cir. 2005) (citing *Am. Mfrs. Mut Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

[17]*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotations and citations omitted).

Under certain instances, a private party may act under the color of law for purposes of § 1983.[18] There are four tests to determine whether a private individual acted under the color of law: (1) the nexus text; (2) the symbiotic relation test; (3) the public function test; and (4) the joint action test.[19] "Under the joint action test, state action is also present if a private party is a willful participant in joint action with the State or its agents."[20] The court must look at "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights."[21] With respect to a symbiotic relationship, "[s]tate action is also present if the state 'has so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity.'"[22] The symbiotic relation test has been read narrowly.[23]

"When a plaintiff seeks to prove state action based on a conspiracy theory, 'a requirement of the joint action charge . . . is that both public and private actors share a common, unconstitutional goal.'"[24] "[T]he mere acquiescence of a state official in the actions of a private party is not

---

[18]*Id.* at 1448-56.

[19]*Id.*

[20]*Johnson v. Rodrigues*, 293 F.3d 1196, 1205 (10th Cir. 2002) (quotations and citations omitted).

[21]*Id.*

[22]*Gallagher*, 49 F.3d at 1451 (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)).

[23]*Id.* Plaintiffs assert that the Court should apply the joint action test and that their allegations are sufficient to meet this test. Although Plaintiffs do not contend in their briefing that the Court should apply the symbiotic relation test, they do include an allegation of a "symbiotic relationship" in their proposed amended complaint. Because Plaintiffs only address these two tests, the Court finds it unnecessary to address the nexus and public function test and will only address the joint action and symbiotic relation test.

[24]*Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000) (citing *Anaya v. Crossroads Managed Care Sys.,* 195 F.3d 584, 596 (10th Cir. 1999)).

sufficient."[25] Furthermore, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."[26]

If a plaintiff asserts jurisdiction under 28 U.S.C. § 1343, as Plaintiffs did in this case, "the state action requirement is an element of [plaintiff's] cause of action as well as a jurisdictional prerequisite."[27] "To establish subject matter jurisdiction under § 1343, the plaintiff must show that the defendant acted 'under color of any state law.'"[28] "To satisfy the state action requirement, 'the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'"[29] As such, to state a claim against these Defendants and for jurisdiction to exist, Plaintiffs must allege sufficient facts showing that these Defendants acted under color of state law and deprived Plaintiffs of a right secured by the Constitution.

**1. Defendants Thomas Pinnick's, Resource One, Inc.'s, and Grant County Bank's Motion to Dismiss (Doc. 16)**

Defendants Pinnick, Grant County Bank, and Resource One, Inc. argue that Plaintiffs have failed to state a claim because there are no allegations that these Defendants are state actors or acted

---

[25]*Gallagher*, 49 F.3d at 1453 (citations omitted).

[26]*Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

[27]*Mehdipour v. Matthews*, 2010 WL 2748802, at *3 n. 3 (10th Cir. 2010) (citing *Elliott v. Chrysler Fin.*, 149 F. App'x 766, 768-69 (10th Cir. 2005) and *Monks v. Hetherington*, 573 F.2d 1164 1167 (10th Cir. 1978)).

[28]*Elliott,* 149 F. App'x at 768.

[29]*Id*. (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

under color of state law. They also assert that there is no allegation that these Defendants conspired or engaged in joint action with any state actor. Because these Defendants are not state actors and are not alleged to have engaged in any conduct under the color of state law, Defendants assert that Plaintiffs' claims against them should be dismissed.

In response, Plaintiffs contend that these Defendants engaged in "joint action" with Defendant Babcock and that the Court should apply the "joint action test." Plaintiffs assert that although not specifically claimed as an outright conspiracy in the initial complaint, there are allegations that Defendant Pinnick provided guidance contemporaneously with Defendant Babcock to Defendant Dudleys. In addition, Plaintiffs state that the question for the Court is whether the conduct alleged against these three banking Defendants could have occurred in a vacuum without the involvement and implicit relationship of Defendant Babcock.[30]

In the original complaint, there were no allegations that these three Defendants were state actors or allegations that these three Defendants acted with any state actors. There were very few allegations against these Defendants. The allegations included that Grant County Bank and Resource One, Inc. through its President Pinnick provided guidance to Defendants Dudley to violate Plaintiffs' due process rights, and Defendant Pinnick, as an attorney in Kansas, instructed the Dudleys (lay persons) to violate various due process provisions.

A necessary element under § 1983 is that the deprivation occurred under color of state law. A bank is not a state actor.[31] In addition, a private attorney is generally not a state actor for purposes

---

[30]Plaintiffs also assert that Defendants Grant County Bank and Resource One, Inc. have "jeopardy under the Responsible Corporate Office Doctrine of Responsible Relationship Doctrine." This argument is misplaced, and the Court will not address.

[31]*See Panis v. Mission Hills Bank, N.A.*, 1993 WL 390399, at *4 (D. Kan. Sept. 30, 1993).

of § 1983.[32] Because Plaintiffs included no allegations as to these three banking Defendants acting under color of state law or in conjunction with others acting under color of state law, the Court lacks subject matter jurisdiction and Plaintiffs fail to state a claim of relief against these Defendants.

With respect to the Proposed Amended Complaint, Plaintiffs have included three additional allegations related to the banking Defendants. These allegations also fail to state a claim. Plaintiffs allege that Pinnick conspired with Dudley and Babcock on August 6, 2008 to have Defendant Dudleys' maintain and continue to lock up building and items located in the building. This allegation, however, is conclusory and fails to allege specific facts as to how Defendants Pinnick, Grant County Bank, or Resource One, Inc. acted in concert with Defendant Sheriff Babcock (or Defendant Dudleys) to deprive Plaintiffs of due process. Plaintiffs' assertion that Defendant Pinnick's guidance was occurring "contemporaneously" with Defendant Babcock is insufficient to demonstrate agreement or the meeting of the minds between the Defendants. Furthermore, Plaintiffs allege that the conspiracy took place on August 6, 2008 which occurred after the alleged deprivation of property occurred on July 21, 2008. In fact, all of Plaintiffs' allegations relating to a conspiracy occur after the alleged deprivation of property without due process.

In addition, although Plaintiffs contend that the "joint action" test should be applied, the banking Defendants are not included in any of the allegations in the proposed amended complaint relating to "joint action" by the Defendants. Joint action requires more than mere acquiescence and instead requires an agreement or meeting of the minds between a private individual and state actor.[33]

---

[32]*See, e.g., Beedle v. Wilson*, 422 F.3d 1059, 1072-73 (10th Cir. 2005). Here, Plaintiffs do not allege that Defendant Pinnick filed or participated in a lawsuit against Plaintiffs. Instead, they merely state that Defendant Pinnick is an attorney in Kansas and gave instructions to the Dudleys.

[33]*Gallagher*, 49 F.3d at 1454-55; *see also Ellibee v. Fox*, 244 F. App'x 839, 843 (10th Cir. 2007).

As there are no allegations or specific facts as to the banking Defendants acting in concert with Sheriff Babcock, the Court has no trouble finding that the actions of these three banking Defendants could have occurred without any help from Defendant Babcock.

Finally, although Plaintiffs use the words "symbiotic relationship" in their proposed amended complaint, this is no more than a conclusory allegation as there are no supporting factual averments to support this alleged relationship.[34] Accepting the well-pleaded allegations in the complaint and proposed amended complaint as true, Plaintiffs have failed to state a claim plausible on its face against these three Defendants. Accordingly, Defendants Pinnick's, Grant County Bank's, and Resource One, Inc.'s Motion to Dismiss is granted.

**2. Defendants Richard Dudley's and Norma Dudley's Motion to Dismiss (Doc. 21)**

Defendants Richard and Norma Dudley argue that this Court does not have subject matter jurisdiction and Plaintiffs have failed to state a claim. They state that Plaintiffs have not alleged that the Dudleys are state actors and that state action cannot be imputed to them because they did not take part in joint action, a conspiracy, or a symbiotic relationship with a state actor.

Plaintiffs contend that they have filed a motion for leave to amend the initial complaint, and the proposed amended complaint provides the court with additional facts that gives a more rounded picture. In addition, Plaintiffs state that the Court should apply the joint action test because Defendant Dudleys' action could not have occurred in a vacuum. Plaintiffs contend that all Defendants acted in a time frame and manner that could only violate the civil rights of Plaintiffs when state actor Defendant Babcock was a viable part of these actions.

---

[34] This is applicable to all Defendants.

With respect to Defendant Pinnick's, Grant County Bank's, and Resource One, Inc.'s involvement, regardless of the relationship between these three banking Defendants and the Dudleys, no state action can be imputed on any of these Defendants because none of the Defendants are state actors. Furthermore, Plaintiffs have not provided sufficient facts as to a conspiracy between all of these Defendants.

With respect to the relationship between Sheriff Babcock and Defendant Dudleys, Plaintiffs' allegations simply state legal conclusions and do not provide sufficient facts that the Dudleys participated in a joint action with Sheriff Babcock. As alleged in the complaint and in the proposed amended complaint, Plaintiffs state that the Dudleys changed the locks and effectively shut down a business without notice or any due process on July 21, 2008. There are no allegations that Sheriff Babcock personally participated in this deprivation. There are no allegations that the Dudleys received significant aid from Sheriff Babcock. Private conduct, no matter how wrongful, is not within § 1983's reach.[35]

Although Plaintiffs attribute several statements to Sheriff Babcock, each of these statements relate to Plaintiffs getting back into the building after Plaintiffs were locked out by the Dudleys on July 21, 2008. "[T]he mere acquiescence of a state official in the actions of a private party is not sufficient."[36] In addition, the factual allegations only state one instance in which Defendant Sheriff Babcock was present, but there are no allegations that these Defendants had an agreement or a meeting of the minds to deprive Plaintiffs of their constitutional rights. As such, the facts are

---

[35] *Sullivan*, 526 U.S. at 49-50.

[36] *Gallagher*, 49 F.3d at 1453.

insufficient to allege a conspiracy or joint action between Defendants Dudley and Sheriff Babcock.[37] Accordingly, Defendant Richard and Norma Dudley's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim is granted.

**3. Defendants Grant County Sheriff's and Lance Babcock's Motion for Judgment on the Pleadings (Doc. 26)**

Defendant Sheriff Lance Babcock asserts that Plaintiffs' complaint and proposed amended complaint fails to state a claim against him because he did not personally participate in the deprivation and, even if he had, such random and unauthorized conduct does not constitute a constitutional violation. Plaintiffs contend that the facts, as alleged in the initial complaint and the proposed amended complaint, outline instances that would place Defendant Babcock in jeopardy and thus potentially remove or strip his qualified immunity.[38] They state that Defendant Babcock advised and acted in "joint action" with the Dudleys in a manner that violated clearly established law.

"[A] governmental official may not be held liable under 1983 merely for announcing circumstances under which he will not interfere with a private disposition of property."[39] "Liability under 1983 requires personal participation in the unlawful acts."[40] Failure to intervene is not the same as personal participation.[41]

---

[37]The Court will discuss in the next section Sheriff Babcock's lack of personal participation in the alleged acts.

[38]Plaintiffs address Defendant Babcock's motion for judgment on the pleadings as a summary judgment motion. Although Plaintiffs address the facts as if they are disputed and contend that judgment is therefore not appropriate, the Court will construe the facts as true for the purposes of Defendant's motion for judgment on the pleadings.

[39]*Brown v. Millard County*, 47 F. App'x 882, 889 (10th Cir. 2002).

[40]*Beedle*, 422 F.3d at 1072.

[41]*Id.*

Here, the allegations relating to Sheriff Babcock state that he failed to intervene. Plaintiffs have not alleged facts indicating that Sheriff Babcock personally participated in a deprivation without due process or illegal search and seizure. "Courts on numerous occasions have held that where police officers are merely present while private actors participate in wrongful activity, state action under Section 1983 is not established. At a minimum, the officer must aid the wrongdoers or intervene in some way."[42] Plaintiffs factual allegations regarding Sheriff Babcock contend that Sheriff Babcock failed to intervene in the Dudleys' behavior. While the Court must liberally construe *pro se* pleadings, the Court cannot add additional facts to round out Plaintiffs' theory, and Plaintiffs have not alleged facts that Sheriff Babcock personally participated in the alleged deprivation.

There is only one factual allegation that Sheriff Babcock was physically in the building on May 15, 2009; however, Plaintiffs do not allege that Sheriff Babcock participated in the wrongful activity. Plaintiffs specifically allege that the Dudleys began to remove items from the office and destroy documents. "[A] person's position as sheriff does not make all of his actions under 'color of law.' It is only when the sheriff exercises power granted by the state that his actions become state actions."[43] The mere presence of Sheriff Babcock is insufficient to state a claim for a deprivation of constitutional rights under the color of state law.

In sum, there are insufficient factual allegations that a violation of constitutional law occurred under the color of state law. The factual allegations are insufficient because they do not indicate that Sheriff Babcock and the Dudleys were willful participants in joint action or that they

---

[42]*Hall v. Doering*, 997 F. Supp. 1464, 1471 (D. Kan. 1998).

[43]*Id.* (citations omitted).

acted in concert in effecting a particular deprivation of a constitutional right. Nor do the factual allegations indicate that Sheriff Babcock provided significant aid. Accordingly, Sheriff Babcock's Motion for Judgment on the Pleadings is granted.

**III. Plaintiffs Motion for Leave to File an Amended Complaint (Doc. 32)**

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[44] Rule 15(a)(2) specifies that the Court "should freely give leave when justice so requires." However, a court may deny when there is a showing of "undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[45]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[46] In considering whether a proposed amendment is futile, the Court uses the same analysis that governs a motion to dismiss made under Fed. R. Civ. P. 12(b)(6).[47] Thus, a proposed amendment is futile if it fails to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."[48]

The Court addressed all of Plaintiffs' allegations above, whether they were alleged in the current complaint or the proposed amended complaint, and determined that Plaintiffs' allegations failed to state a claim to relief plausible on its face. Accordingly, Plaintiffs' Motion for Leave to

---

[44]All Defendants oppose Plaintiffs' Motion for Leave to File an Amended Complaint.

[45]*Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

[46]*Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[47]*Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[48]*Iqbal*, 129 S. Ct. at 1949.

File an Amended Complaint is futile and is therefore denied.

**IT IS ACCORDINGLY ORDERED** that Defendants Pinnick's, Grant County Bank's, and Resource One, Inc.'s Motion to Dismiss (Doc. 16) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Richard and Norma Dudley's Motion to Dismiss (Doc. 21) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Grant County Sheriff and Lance Babcock, *Individually*, Motion for Judgment on the Pleadings (Doc. 26) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 32) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of August, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE