# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CARLOS and JULIE MORAL,

    *Plaintiffs*,

vs.

GRANT COUNTY SHERIFF, LANCE BABCOCK, Individually, THOMAS PINNICK, Individually, RESOURCE ONE, INC., GRANT COUNTY BANK, RICHARD DUDLEY, Individually, and NORMA DUDLEY

    *Defendants*.

Case No. 09-1230-EFM

## MEMORANDUM AND ORDER

On August 12, this Court granted all of Defendants' motions to dismiss or for judgment on the pleadings. Approximately six days later, Plaintiffs filed a Motion for Reconsideration asserting that the Court should reconsider its ruling on the basis of new evidence (Doc. 63). All parties have responded, and the motion is fully briefed.

The court possesses discretion whether to grant a motion to reconsider.[1] Because the motion was filed "within 10 days of the district court's entry of judgment," the court analyzes the motion under Fed. R. Civ. P. 59(e).[2] Federal Rule of Civil Procedure 59(e) allows a party to file a motion to amend or alter a previous judgment within 10 days after the entry of that judgment, but it is only proper in a limited number of situations, including "(1) an intervening change in the controlling law,

---

[1] *Price v. Philpot*, 420 F.3d 1158, 1167 (10th. Cir. 2005).

[2] *Id.*, n. 9

(2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3]  A motion to reconsider is not appropriate for the purpose of rearguing issues already considered, or to make a new argument.[4]  Rather "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[5]  "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence."[6]

Plaintiffs contend that new evidence exists because they now have access to a computerized recording that demonstrates Sheriff Babcock was in the building located at 105 N. Main, Ulysses, Kansas on May 14, 2009.  Plaintiffs assert that the transcript supports their contention that the Dudleys and Sheriff Babcock acted in coordination and that Sheriff Babcock personally participated in an illegal search and seizure.  Defendant Sheriff Babcock and Defendants Richard and Norma Dudley argue that this evidence is not "new" and contend that the Court previously recognized that Sheriff Babcock was present in the building on May 14, 2009 while the Dudleys removed and destroyed some documents.[7]

---

[3]*Eckman v. Superior Indus. Intern., Inc.*, 2007 WL 2333348, at *1 n. 2 (D. Kan. Aug. 15, 2007).

[4]*Id.* at *1.

[5]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6]*Farmland Indus., Inc. v. Nat'l Union Fire Ins. Co.*, 2004 WL 2958458, at *1 (D. Kan. Dec. 16, 2004).

[7]With respect to the three banking Defendants, there is no alleged "new evidence" that relates to their participation.

Plaintiffs' evidence provides nothing new to this Court. As Defendants note, the Court previously recognized that the Dudleys locked Plaintiffs out of the premises on July 30, 2008 and that Sheriff Babcock was present at the building on May 14, 2009 when the Dudleys removed some property.[8] The audio recording simply does not add anything new or material to Plaintiffs' allegations.

**IT IS ACCORDINGLY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 63) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of November, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] The Court notes that Sheriff Babcock appeared to be present at the building because of an ongoing criminal investigation with respect to Plaintiffs.